IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MENA CAMIDE,

    Plaintiff,

vs.

CAMBRIDGE MANAGEMENT
INC., a Foreign Corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, MENA CAMIDE, sues Defendant, CAMBRIDGE MANAGEMENT, INC., and shows:

### Introduction

1. This is an action by MENA CAMIDE against her former employer for unpaid overtime pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, MENA CAMIDE, (hereinafter "CAMIDE") a resident of St. Lucie County, was at all times material, employed by CAMBRIDGE

MANAGEMENT, INC., as a property manager, was an employee as defined by 29 U.S.C. § 203(e), and during her employment with CAMBRIDGE MANAGEMENT, INC., and was engaged in commerce or in the production of goods for commerce.

5. Defendant, CAMBRIDGE MANAGEMENT, INC., (hereinafter, "CAMBRIDGE"), is a Foreign Corporation doing business throughout the State of Florida with properties in St. Lucie County, where CAMIDE worked. CAMBRIDGE is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the facility where CAMIDE was employed. At all times pertinent to this Complaint, CAMBRIDGE operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and CAMBRIDGE obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

**Count I – Violation of FLSA by Defendant CAMBRIDGE – Overtime**

6. Plaintiff, MENA CAMIDE, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 5 above.

7. Since on or about September 26, 2017 up to and including January 7, 2020, Defendant CAMBRIDGE has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without fully compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically CAMIDE, since September 26, 2017 has worked in excess of 40 hours a week nearly every week of her employment, and was not compensated for all overtime hours because of an illegal meal break policy and because it allows its employees to work off the clock:

(a) as CAMBRIDGE has a policy of automatically deducting 1 hour daily from its employees' compensable hours for a meal break that CAMIDE was not able to take because of the workload, which CAMBRIDGE was very much aware of. Thus, during most workweeks, CAMIDE worked an additional 4 hours weekly without compensation;

(b) in addition, CAMIDE, in order to complete her tasks, would sometimes clock out and continue to work, which CAMBRIDGE was very much aware of, thus resulting in additional compensable time that she worked without any compensation, mostly overtime;

(c) lastly, CAMBRIDGE paid CAMIDE non-discretionary quarterly performance bonuses, which it failed to factor into CAMIDE's regular rate when

calculating overtime compensation, which is required by Title 29 CFR §778.208; thus resulting in the incorrect regular rate and additional overtime compensation due to CAMIDE.

8. The failure to pay full overtime compensation to CAMIDE is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee.

9. CAMBRIDGE's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and CAMIDE's status as non-exempt, and it was well aware that CAMIDE was unable to take a bona fide uninterrupted meal break, and it was well aware that CAMIDE worked off the clock, thus resulting in CAMIDE not being paid in accordance with the Act.

10. CAMIDE is entitled pursuant to 29 U.S.C. § 216(b), to recover from CAMBRIDGE:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, MENA CAMIDE, prays that this Court will grant judgment against Defendant CAMBRIDGE:

    a. awarding CAMIDE payment of overtime compensation found by the court to be due to her under the Act;

        b.    awarding CAMIDE an additional equal amount as liquidated damages;

        c.    awarding CAMIDE her costs, including a reasonable attorney's fee; and

        d.    granting such other and further relief as is just.

## Jury Demand

Plaintiff demands trial by jury.

Dated: February 14, 2020
Plantation, Florida

Respectfully submitted,

*s/Robert S. Norell*
Robert S. Norell, Esq.
Fla. Bar No. 996777
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for MENA CAMIDE*